Yelderman & Martin, by Wm. Yelderman, Austin, for appellants.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is a bond forfeiture proceedings.

Motion to quash the citation was predicated upon the fact that the bond was conditioned, and the judgment nisi recites, that the principal was to appear in the 22nd *Criminal* District Court of Comal County, Texas, whereas neither of the two District Courts in and for Comal County contains the word "Criminal" in its statutory designation and the bond was actually forfeited in the 22nd District Court of Comal County.

Bonds v. State, 162 Tex.Cr.R. 419, 286 S.W.2d 313, relied upon by appellant, is not here controlling because in that case the condition of the bond was that the principal would appear in a certain District Court of Dallas County whereas the judgment nisi recited that he was to appear in *another* District Court in said county. Such is not the case here. There is only one 22nd District Court in Comal County.

Mullins v. State, Tex.Cr.App., 327 S.W. 2d 578, is likewise not controlling because not only is there no Criminal District Court of Bell County but there is no District Court sitting at Killeen.

Adams v. State, 44 Tex.Cr.R. 534, 72 S.W. 588, is not authority requiring the reversal of this case because there the form

H. STECHER, Appellant,

v.

STATE of Texas, Appellee.

No. 33367.

Court of Criminal Appeals of Texas.

April 26, 1961.

No attorney for appellant of record on appeal.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., Jimmy R. James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is a conviction upon a trial de novo following an appeal from a conviction in the Corporation Court of the City of Houston for parking a vehicle in a prohibited zone; the punishment, a fine of $101.

An examination of the record supports the admission in the brief of the attorney for the state that the evidence is insufficient to show that the appellant parked his vehicle in a prohibited zone as alleged.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

WOODLEY, P. J., absent.